1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LORENA MEYER,

11          Plaintiff,                    No. CIV S-10-2786 LKK GGH PS

12      vs.

13   SANTANDER CONSUMER USA, et al.,        ORDER

14          Defendants.

15   _____/

16          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

18   302(21), pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

20   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

21          The determination that plaintiff may proceed in forma pauperis does not complete

22   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

23   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.

26          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6  Cir. 1989); Franklin, 745 F.2d at 1227.

7      A complaint must contain more than a "formulaic recitation of the elements of a

8  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

9  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

10  "The pleading must contain something more...than...a statement of facts that merely creates a

11  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

12  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

13  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

14  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

15  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

16  the court to draw the reasonable inference that the defendant is liable for the misconduct

17  alleged."  Id.

18      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

19  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

20  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

21  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

22  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23      The court is unable to determine a jurisdictional basis for this action.  A federal

24  court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the

25  Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114

26  S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United

2

1   States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from

2   time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district

3   courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-

4   99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time

5   by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93

6   F.3d 593, 594-95 (9th Cir. 1996).

7          The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

8   question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

9   matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

10  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

11  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

12  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

13  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

14  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

15         For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be

16  diverse from each defendant,[1] and the amount in controversy must exceed $75,000.  For federal

17  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a

18  federal law or the United States Constitution, (2) allege a "case or controversy" within the

19  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,

20  369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

21

22         [1] A federal court's authority to hear cases in diversity is established by 28 U.S.C. § 1332.
     "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a
23   diversity case in federal court against multiple defendants, each plaintiff must be diverse from
     each defendant.  That compliance with the diversity statute, including its complete diversity
24   requirement, is the sine qua non of diversity jurisdiction which was made clear in Newman-
     Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).  In a case involving claims against multiple
25   defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant.
     Id. at 829."  Lee v. American National Insurance Company, 260 F.3d 997, 1004-1005 (9th Cir.
26   2001) (fn. and citations omitted).

1          Plaintiff has filed a complaint alleging that she bought a new Kia Sedona van in

2   2004, and made payments on it until the lender, defendant Triad Financial Corporation, went out

3   of business.  She was informed that since she only had a few payments left, the remaining

4   payments would be written off and Triad would mail her the title.  (Compl. at 3.)  She never

5   received the title or closing papers but a few months ago, she alleges that Triad, who either sold

6   its business to Santander or changed its name to Santander, set the stage to cause her to default

7   on a few remaining payments so that it could repossess her car.  She alleges that Triad or

8   Santander employed various defendants to repossess her car, who in turn stole property from

9   inside the vehicle.  (Id. at 6.)  The complaint further alleges that defendants employees of the

10  Solano County Sheriff's Department and Solano County Jail, assisted in the unconstitutional

11  repossession, unconstitutional arrest, and false imprisonment of plaintiff.  Finally, plaintiff

12  alleges that defendants Orchard and Winn "hampered and prevented plaintiff from retrieving a

13  copy of the video surveillance recording evidence of the named defendants performing their

14  unlawful acts and omissions."  (Id. at 7.)

15          Plaintiff alleges diversity jurisdiction for all out of state defendants and seeks

16  pendant jurisdiction over all state law claims.  (Id. at 2.)  Plaintiff does not allege a basis of

17  jurisdiction for the defendants residing in California, where plaintiff is a resident.  Although

18  plaintiff alleges constitutional violations in the caption of her complaint,[2] and references terms

19  such as "unconstitutional arrest" and "false imprisonment" in her allegations against the Solano

20  County Sheriff defendants, she has alleged no causes of action under the Constitution.

21          In regard to her allegation of diversity as a basis for jurisdiction, plaintiff has

22  failed to allege that each defendant is a citizen of a state other than California, plaintiff's state of

23  citizenship.  Defendants Triad, Carnahan, and Stanton are alleged to be citizens of California,

24  thus precluding this court's exercise of diversity jurisdiction.  Plaintiff has not alleged a state of

25

26          [2]  The caption is entitled, "complaint for deprivation of liberty, property, and civil rights
    under color of law, absent due process and equal protection of laws."

1  residence for numerous other defendants.

2          In determining the jurisdictional amount in controversy for diversity jurisdiction,

3  both compensatory and punitive damages must be considered to the extent they are recoverable

4  and to the extent claimed.  Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315

5  (7th Cir. 1996).  See generally Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089 (9th

6  Cir. 2003).  Here, plaintiff, although seeking compensatory and punitive damages and alleging

7  the dollar amount exceeds $75,000, has failed to allege a dollar amount in a prayer for relief, and

8  therefore the amount in controversy requirement has not been satisfied.

9          To the extent that plaintiff makes constitutional allegations, simple reference to

10 federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690,

11 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action

12 within the court's original jurisdiction.  Id.  None of these matters states a federal claim.  It is

13 plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff

14 has not done so.

15         Furthermore, violations under 42 U.S.C. § 1983, as plaintiff references in her

16 letter of November 6, 2010, must be clearly alleged in the complaint itself, and this statute is not

17 mentioned in the complaint.  Additionally, to succeed on a § 1983 damages claim, a plaintiff

18 must demonstrate not only the deprivation of a right secured by the Constitution or laws of the

19 United States, but that defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48,

20 108 S. Ct. 2250 (1988).  A § 1983 claim can lie against a private party only when "he is a willful

21 participant in joint action with the State or its agents."  Dennis v. Sparks, 449 U.S. 24, 27, 101 S.

22 Ct. 183 (1980).  Although the Solano County Sheriff and Jail employees act under color of law,

23 plaintiff has not shown that the private defendants did so.

24         Plaintiff has therefore failed to allege the jurisdictional basis for bringing this case

25 in federal court.  The claims asserted by plaintiff do not involve a federal question, and if

26 diversity of citizenship is the basis of jurisdiction, plaintiff has not alleged an amount in

5

1  controversy which exceeds the required jurisdictional amount, and the parties are not completely

2  diverse.  Plaintiff will be permitted the opportunity to amend her complaint to cure these defects.

3         Plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10        In accordance with the above, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

12        2.  Plaintiff's complaint is dismissed; and

13        3.  Plaintiff is granted twenty-eight (28) days from the date of service of this order

14  to file an  amended complaint that complies with the requirements of Federal law, the Federal

15  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

16  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

17  an original and two copies of the amended complaint; failure to file an amended complaint in

18  accordance with this order will result in a recommendation that this action be dismissed.

19  DATED: December 1, 2010

20                        /s/ Gregory G. Hollows

21                        _____
                          GREGORY G. HOLLOWS
                          UNITED STATES MAGISTRATE JUDGE
22  GGH:076/Meyer2786.ifp.wpd

23

24

25

26