IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENA MEYER,

    Plaintiff,                                No. CIV S-10-2786 LKK GGH PS

    vs.

SANTANDER CONSUMER USA, et al.,       ORDER

    Defendants.

_____/

Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1). Presently before the court is plaintiff's amended complaint, as well as plaintiff's motion to appoint counsel, both filed December 14, 2010.

AMENDED COMPLAINT

As in the original complaint, plaintiff alleges that defendants used illegal efforts to collect her consumer debt on a Kia van, and misappropriate it after she had made payments every month for four years. She claims that Triad stopped sending her payment notices and made it impossible for her to contact this company to make her payments. When she finally made contact, she was informed that Triad had gone out of business, had "written-off" the few remaining payments, and would mail her the title to the Kia vehicle. (FAC at 3.) After two years

passed, plaintiff claims that her car was repossessed by individuals employed by Santander who she thinks had changed its name from Triad.  Plaintiff alleges that she never did receive title to the van.  (Id. at 4-5.)  Plaintiff's theory is that Santander set the stage to cause her to default on a few remaining payments so that it could repossess her car.  Claims are under the Fair Debt Collection Practices Act, the Civil Rights Act, and for invasion of privacy.

In regard to the original complaint, the court found that although plaintiff had alleged diversity jurisdiction, the parties were not completely diverse.  There also appeared to be no federal question jurisdiction.

The amended complaint is confusing in that the caption names only "Santander Consumer USA," and doe defendants; however, the body of the complaint contains a section entitled, "Defendants and Common Allegations," wherein she identifies at least eight additional defendants and alleges unlawful acts by them.  (FAC at 6-7.)  Plaintiff asserts within the pleading that she realizes that other defendants violated her rights, but her pro se status makes it difficult enough to retrieve her vehicle and get damages from the principal defendant [Santander], and that she is "therefore compelled to only sue Santander for now and perhaps seek redress from the others later."  (FAC at 2.)   On amendment, plaintiff shall name only those defendants against whom she seeks redress in *this* action.  Any other individuals shall be omitted from the pleading except insofar as they are referenced in order to describe the facts and allegations, as individuals, and not as defendants.

If plaintiff intends to name only Santander Consumer USA as a defendant, she is advised that the claims under the Fair Debt Collection Practices Act, the Civil Rights Act, and for invasion of privacy must be properly pled.

Although plaintiff references the Civil Rights Act (42 U.S.C. § 1983), she does not allege that Santander is a state actor; nor does this company appear to be.  First and foremost, § 1983 requires state action.  To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United

1  States, but that defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.
2  Ct. 2250 (1988). A § 1983 claim can lie against a private party only when "he is a willful
3  participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S.
4  Ct. 183 (1980).

5  The Supreme Court has reiterated that "action taken by private entities with the
6  mere approval or acquiescence of the State is not state action." American Manufacturer's Mutual
7  Ins. Co. v. Sullivan, 526 U.S. 40, 119 S. Ct. 977, 986 (1999). In Flagg Bros., Inc. v. Brooks, 436
8  U.S. 149, 98 S.Ct. 1729 (1978), the United States Supreme Court held that a lienholder's private
9  sale of goods, even though held pursuant to state law, did not constitute state action. In Sullivan,
10  the Supreme Court reiterated that state action is not present unless action involves both state law
11  and significant state involvement.

12  For plaintiff to proceed with a claim under 42 U.S.C. § 1983 against defendant
13  Santander Consumer USA, plaintiff would have to establish state action on the part of this
14  defendant. The Ninth Circuit has identified four tests to identify state action by an otherwise
15  private party: "(1) public function; (2) joint action; (3) governmental compulsion or coercion;
16  and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). Plaintiff
17  has alleged none of these factual predicates vis-a-vis state action, and the complaint does not
18  reasonably establish any. Rather, the complaint alleges only that defendant Santander Consumer
19  USA is a private company whose agent acted inappropriately within his private – not public or
20  governmental – capacity.

21  Plaintiff will be permitted one last opportunity to amend her complaint to cure
22  these defects. Plaintiff is informed that the court cannot refer to a prior pleading in order to make
23  plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint
24  be complete in itself without reference to any prior pleading. This is because, as a general rule,
25  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57
26  (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

MOTION TO APPOINT COUNSEL

Plaintiff has requested appointment of counsel. The district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent civil litigant. First, however, the court must evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). On the record before it, the court cannot find a likelihood of success on the merits. See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in exceptional circumstances and at discretion of trial court).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed December 14, 2010, (dkt. # 6), is dismissed.

2. Plaintiff is granted twenty-eight (28) days from the date of service of this order to file a Second Amended Complaint that complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion to appoint counsel, filed December 14, 2010, (dkt. # 5), is denied.

DATED: March 17, 2011          /s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Meyer2786.ifp.wpd