IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENA MEYER,

       Plaintiff,                CIV. NO. S-10-2786 GGH PS

   vs.

SANTANDER CONSUMER USA,

       Defendant.           ORDER

_____/

      This is a federal question action alleging a claim for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). It also includes supplemental state law claims for violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA") and invasion of privacy. Plaintiff is proceeding pro se and in forma pauperis. All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Dkt. Nos. 15, 26.)

      Pending before the court is defendant Santander Consumer USA's ("Santander") motion to dismiss plaintiff Lorena Meyer's ("Plaintiff") second amended complaint, presently scheduled for hearing on January 12, 2012. (Dkt. Nos. 21, 25.) Plaintiff filed an opposition to the motion (dkt. no. 22), and Santander has filed a reply brief. (Dkt. No. 29.) Additionally, plaintiff has filed two motions requesting the court to rule on Santander's motion without oral

1   argument.  (Dkt. Nos. 23, 28.)  Santander has not opposed these motions.  Having reviewed the

2   parties' papers, the court concludes that oral argument would not be of material assistance in

3   resolving the pending motion.  Accordingly, plaintiff's motions to submit Santander's motion to

4   dismiss on the record without oral argument will be granted, and the January 12, 2012 hearing

5   will be vacated.

6          After reviewing the papers in support of and in opposition to Santander's motion

7   to dismiss, as well as the court's record in this matter, the court now issues the following order.

8   BACKGROUND

9          In the instant action, originally filed on October 14, 2010, plaintiff is currently

10  proceeding with her second amended complaint ("SAC").  According to the SAC, plaintiff

11  financed the purchase of a Kia van through lender Triad.  (Plaintiff's Second Amended

12  Complaint, Dkt. No. 9 ["SAC"] ¶ 5.)  After she made payments every month for four years, Triad

13  allegedly stopped sending her payment notices and made it impossible for her to contact the

14  company to make her payments.  (Id.)  When plaintiff finally made contact, she was allegedly

15  informed that Triad had gone out of business, had written off her few remaining payments, and

16  would mail her the title to her Kia vehicle.  (Id.)  After two years passed, the vehicle was

17  repossessed by individuals employed by defendant Santander "who she thinks had changed its

18  name from Triad," and she never received title to the vehicle.  (Id.)  Plaintiff contends that

19  Santander "set the stage to cause her to default on a few remaining payments so that it could

20  repossess her car, and resell the car for additional profits."  (Id.)

21         Additionally, plaintiff alleges that Santander contacted her to collect the alleged

22  outstanding debt multiple times, including within one year preceding the filing of her complaint.

23  (SAC ¶ 6.)  Plaintiff claims that Santander's conduct violated the FDCPA and RFDCPA (state

24  law equivalent) by "[e]ngaging in conduct the natural consequence of which is to harass, oppress,

25  or abuse Plaintiff, including, but not limited to, harassing and providing confidential information

26  to Plaintiff's daughter, refusing to identify himself and his intentions, masquerading as an

2

1  investigator, and lying." (Id.)  Plaintiff further alleges that Santander's violations of the FDCPA

2  and RFDCPA "constitute an intentional intrusion into Plaintiff's private places and into private

3  matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person." (SAC

4  ¶ 7.)

5         Based on these allegations, as discussed above, plaintiff asserts three causes of

6  action for: (1) violation of the FDCPA; (2) violation of the RFDCPA; and (3) invasion of privacy

7  arising from intrusion upon seclusion and public disclosure of private facts.  (SAC ¶¶ 9-12.)

8  <u>DISCUSSION</u>

9         In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim

10 upon which relief can be granted, the court must accept as true the allegations of the complaint in

11 question, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the pleading in the light most

12 favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

13        To avoid dismissal for failure to state a claim, a complaint must contain more than

14 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15 of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words,

16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17 statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

18 claim upon which the court can grant relief must have facial plausibility.  <u>Twombly</u>, 550 U.S. at

19 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

20 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

21 <u>Iqbal</u>, 129 S. Ct. at 1949.

22       <u>First Claim for Violation of the Federal Fair Debt Collection Practices Act</u>

23        Santander contends that plaintiff's FDCPA cause of action fails, because

24 Santander is not alleged to have been collecting the debt of another.  This argument has merit.

25        The FDCPA prohibits a "debt collector" from using "any false, deceptive, or

26 misleading representation or means in connection with the collection of any debt."  15 U.S.C. §

1692e.  For purposes of the FDCPA, a "debt collector" is "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A

creditor is not a "debt collector" under the FDCPA.  See Rowe v. Educational Credit

Management Corp., 559 F.3d 1028, 1031 (9th Cir. 2009); Schlegel v. Wells Fargo Bank, N.A.,

2011 WL 2621668, at **2-3 (N.D. Cal. Jul. 5, 2011).[1]

      Plaintiff alleges in formulaic fashion that Santander "regularly attempts to collect

debts alleged to be due another, and therefore is a 'debt collector' as defined by the FDCPA, 15

U.S.C. § 1692a(6)...."  Whether the FDCPA applies to Santander is a question of law.  See

Peterson v. Wells Fargo Bank, N.A., 2000 WL 1225788, at *6 (E.D. Cal. Aug. 17, 2000).  As

outlined above, although material allegations of fact are taken as true on a motion to dismiss,

conclusory allegations of law and threadbare recitals of a cause of action's elements are

insufficient to defeat such a motion.  Iqbal, 129 S. Ct. at 1949; In re VeriFone Securities

Litigation, 11 F.3d 865, 868 (9th Cir. 1993).

      Here, plaintiff has not alleged that Santander's alleged collection activities were

on behalf of another person or entity.[2]  To the contrary, the overarching theory of plaintiff's case

is that Santander unlawfully repossessed her vehicle and is now attempting to collect the alleged

remaining debt *for its own additional profit*.  (SAC ¶ 5.)  Plaintiff's allegation that Triad changed

---

[1] A creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Thus, "collecting debt *not for another*, whether or not the debt is assigned in default, makes one a creditor" not subject to the FDCPA. See Schlegel, 2011 WL 2621668 at **2-3 (emphasis added).

[2] Although plaintiff alleges that the Santander employee "refused to identify himself and his intentions" and masqueraded as an investigator, plaintiff, in light of her allegations, clearly understood that the unidentified employee/investigator was associated with Santander. (See SAC ¶ 6.)

its name to Santander, even if assumed to be true, instead supports the notion that Santander is

collecting its own debt for its own benefit.  At no time does plaintiff allege that Santander

represented that it was collecting debt on behalf of another.

Furthermore, it is apparent that leave to amend would not cure the claim's

deficiencies.  Plaintiff's opposition makes reference to a "Santander web page that begins with

'Welcome Triad Auto Loan Customers' and continues 'We look forward to servicing your auto

loan....'" (Dkt. No. 22 at 3; see also http://www.santanderconsumerusa.com/triad/default.aspx.)

Along with her opposition brief, plaintiff also submitted a collection letter from a company

named Accounts Receivable Management, Inc., which clearly identifies Santander as the creditor

with respect to the debt obligation.  (See Dkt. No. 22.)  Thus, regardless of whether Triad

changed its name to Santander (as the SAC alleges) or whether the debt was otherwise assigned

to Santander by Triad (as the above-mentioned website and letter may suggest), Santander is a

creditor.  As such, its alleged collection efforts on its own behalf are exempt from the FDCPA.

Accordingly, plaintiff's FDCPA cause of action must be dismissed with prejudice.

<u>Remaining State Law Causes of Action</u>

As there are no federal claims remaining, this court declines to exercise

supplemental jurisdiction over plaintiff's possible state law claims.  See 28 U.S.C. § 1367(c)(3)

("The district courts may decline to exercise supplemental jurisdiction over a claim...if – the

district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v.

Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (" 'in the usual case in which all

federal-law claims are eliminated before trial, the balance of factors . . . will point toward

declining to exercise jurisdiction over the remaining state-law claims' "), quoting

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Here, given that the only

federal claim has dropped out in the early pleadings stage of the litigation, dismissal of the state

law claims without prejudice is appropriate.

\\\\\\

Furthermore, the court has considered whether plaintiff should be provided with another opportunity to amend her complaint to potentially allege diversity jurisdiction.  Plaintiff is alleged to be a resident of California, but the SAC does not allege a state of residence for Santander.  The papers submitted along with plaintiff's opposition brief indicate correspondence with Santander addresses in Texas.  Nevertheless, even assuming the parties are diverse, the court has already carefully outlined and explained the requirements of federal subject matter jurisdiction, and in particular, the requirements for alleging diversity jurisdiction in the court's first screening order pursuant to 28 U.S.C. § 1915(e)(2).  (See Dkt. No. 4.)  Instead of curing the articulated deficiencies in plaintiff's original complaint based on diversity jurisdiction, both of plaintiff's subsequent amended complaints have been premised on federal question jurisdiction.  Given the court's previous comprehensive instructions and the fact that plaintiff has already been given two opportunities to amend her complaint, the court concludes that further leave to amend is unwarranted.[3]

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for the court to rule on Santander's motion to dismiss without oral argument (dkt. nos. 23 and 28) are granted;

2.  The January 12, 2012 hearing on Santander's motion to dismiss is vacated;

3.  Santander's motion to dismiss (dkt. no. 21) is granted;

4.  Plaintiff's cause of action for violation of the federal Fair Debt Collection Practices Act is dismissed with prejudice;

---

[3]  Additionally, although not the basis of the court's decision to deny further leave to amend, it seems doubtful that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  For example, plaintiff indicated that her repossessed vehicle, the subject of the debt, only cost $25,000 plus tax when it was new.  The court also notes that, in addition to actual damages, the Rosenthal Fair Debt Collection Practices Act only allows for a penalty ranging between $100 and $1,000 for willful and knowing violations.  Cal. Civ. Code § 1788.30(b).

1         5.  Plaintiff's remaining state law causes of action for violation of the Rosenthal

2  Fair Debt Collection Practices Act and invasion of privacy are dismissed without prejudice;

3         6.  Judgment is entered for Santander; and

4         7.  The Clerk of Court is directed to close this case.

5  DATED: December 30, 2011

6                    /s/ Gregory G. Hollows

7                UNITED STATES MAGISTRATE JUDGE

8  GGH/wvr
Meyer.2786.mtd.wpd