1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LORENA MEYER,

11              Plaintiff,                        CIV. NO. S-10-2786 GGH

12         vs.

13    SANTANDER CONSUMER USA,

14              Defendant.                        <u>ORDER</u>

15    _____/

16              This is a federal question action brought by plaintiff Lorena Meyer ("plaintiff"),

17    proceeding pro se and in forma pauperis, involving a claim for violation of the federal Fair Debt

18    Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  It also includes supplemental

19    state law claims for violation of California's Rosenthal Fair Debt Collection Practices Act, Cal.

20    Civ. Code § 1788 et seq. ("RFDCPA") and invasion of privacy.[1]

21              On December 30, 2011, the court granted defendant Santander Consumer USA's

22    ("defendant") motion to dismiss plaintiff's second amended complaint.  (Dkt. No. 32.)  The court

23    dismissed plaintiff's FDCPA cause of action with prejudice and then declined to exercise

24    supplemental jurisdiction over the remaining state law claims, which were dismissed without

25    _____

26         [1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. §
      636(c)(1).  (Dkt. Nos. 15, 26.)

1  prejudice.  (Id.)  Consequently, the court entered judgment in favor of Defendant.  (Dkt. No. 33.)

2  Subsequently, on January 4, 2012, plaintiff filed a motion for reconsideration

3  before the district judge pursuant to E.D. Cal. L.R. 303(c).  (Dkt. No. 34.)  However, because

4  both parties have consented to the magistrate judge's jurisdiction (dkt. nos. 15, 26), the

5  requirements of E.D. Cal. L.R. 303 do not apply.  See E.D. Cal. L.R. 301.  Instead, any motion

6  for reconsideration must be brought before the undersigned.  Given that a final judgment has

7  already been entered, the court will construe the instant motion as a motion to alter or amend the

8  judgment pursuant to Fed. R. Civ. P. 59(e).

9  Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend a judgment must be

10  filed no later than 28 days after the entry of the judgment."  Parties seeking reconsideration

11  should demonstrate "new or different facts or circumstances [which] are claimed to exist which

12  did not exist or were not shown upon such prior motion, or what other grounds exist for the

13  motion" and "why the facts or circumstances were not shown at the time of the prior motion."

14  E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997)

15  (reconsideration appropriate for a change in the controlling law, facts, evidence, or other

16  circumstances; a need to correct a clear error; or a need to prevent manifest injustice); see also

17  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

18  Although motions to reconsider are directed to the sound discretion of the court,

19  Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

20  considerations of judicial economy weigh heavily in the process.  The rule derives from the "law

21  of the case" doctrine which provides that the decisions on legal issues made in a case "should be

22  followed unless there is substantially different evidence . . . new controlling authority, or the

23  prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v.

24  Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d

25  589, 593 (9th Cir. 1985).  The standards "reflect[ ] district courts' concern for preserving

26  dwindling resources and promoting judicial efficiency."  Costello v. United States Government,

765 F.Supp. 1003, 1009 (C.D. Cal.1991).  "While Rule 59(e) permits a district court to

reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used

sparingly in the interests of finality and conservation of judicial resources."  Carroll v. Nakatani,

342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted).  A party may not "raise arguments

or present evidence for the first time when they could reasonably have been raised earlier in the

litigation."  Id.

   In the court's prior order dismissing the action, it explained that the FDCPA

prohibits a "debt collector" from using "any false, deceptive, or misleading representation or

means in connection with the collection of any debt."  15 U.S.C. § 1692e.  For purposes of the

FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another."  15 U.S.C. § 1692a(6).  Generally, a creditor is not considered a "debt

collector" under the FDCPA.  See Rowe v. Educational Credit Management Corp., 559 F.3d

1028, 1031 (9th Cir. 2009); Schlegel v. Wells Fargo Bank, N.A., 2011 WL 2621668, at **2-3

(N.D. Cal. Jul. 5, 2011).  A creditor is defined as "any person who offers or extends credit

creating a debt or to whom a debt is owed, but such term does not include any person to the

extent that he receives an assignment or transfer of a debt in default solely for the purpose of

facilitating collection of such debt for another."  15 U.S.C. § 1692a(4).  Thus, "collecting debt

*not for another*, whether or not the debt is assigned in default, makes one a creditor" not subject

to the FDCPA.  See Schlegel, 2011 WL 2621668, at **2-3 (emphasis added).

   The court previously noted that plaintiff's own allegations in the second amended

complaint as well as the documents submitted along with her opposition briefs to the motion to

dismiss indicate that defendant is a creditor collecting an alleged debt on its own behalf, and is

thus exempt from the FDCPA.  (See Dkt. No. 32 at 3-5.)  The court reasoned as follows:

\\\\\

1    Here, Plaintiff has not alleged that Santander's alleged collection
     activities were on behalf of another person or entity.  To the
2    contrary, the overarching theory of Plaintiff's case is that Santander
     unlawfully repossessed her vehicle and is now attempting to collect
3    the alleged remaining debt *for its own additional profit.*  (SAC ¶
     5.)  Plaintiff's allegation that Triad [the original lender] changed its
4    name to Santander, even if assumed to be true, instead supports the
     notion that Santander is collecting its own debt for its own benefit.
5    At no time does Plaintiff allege that Santander represented that it
     was collecting debt on behalf of another.
6
     Furthermore, it is apparent that leave to amend would not cure the
7    claim's deficiencies.  Plaintiff's opposition makes reference to a
     "Santander web page that begins with 'Welcome Triad Auto Loan
8    Customers' and continues 'We look forward to servicing your auto
     loan....'" (Dkt. No. 22 at 3; see also
9    http://www.santanderconsumerusa.com/triad/default.aspx.)  Along
     with her opposition brief, Plaintiff also submitted a collection letter
10   from a company named Accounts Receivable Management, Inc.,
     which clearly identifies Santander as the creditor with respect to
11   the debt obligation.  (See Dkt. No. 22.)  Thus, regardless of
     whether Triad changed its name to Santander (as the SAC alleges)
12   or whether the debt was otherwise assigned to Santander by Triad
     (as the above-mentioned website and letter may suggest),
13   Santander is a creditor.  As such, its alleged collection efforts on its
     own behalf are exempt from the FDCPA.
14

15   (Dkt. No. 32 at 4-5.)

16        However, in her motion for reconsideration, plaintiff directed the court's attention

17   to another sentence that appears in small print in the body of the collection letter attached to her

18   opposition which states: "Santander Consumer USA Inc. ("SCUSA") is servicing the account *on

19   behalf of HSBC* and Accounts Receivable Management, Inc. was hired to collect on behalf of

20   SCUSA." (Dkt. No. 22 at 9 (emphasis added).)  According to plaintiff, this sentence suggests

21   that "Santander hired a debt collection agency called Accounts Receivable Management, Inc. to

22   collect a debt HSBC hired Santander to collect." (Dkt. No. 34 at 3.)  After further review, the

23   court agrees that this sentence casts some doubt on defendant's status as the creditor with respect

24   to plaintiff's loan.  In particular, it is unclear whether defendant is the true creditor or merely a

25   servicer with respect to plaintiff's loan *on behalf of HSBC*.  If, as defendant suggests, plaintiff's

26   loan was in default when it was transferred or assigned to defendant, the issue of whether

4

1  defendant is collecting on its own behalf or on behalf of HSBC (or some other entity) is

2  determinative with respect to whether defendant is a debt collector subject to the FDCPA.  See

3  15 U.S.C. § 1692a(4); Schlegel, 2011 WL 2621668 at **2-3 ("collecting debt *not for another*,

4  whether or not the debt is assigned in default, makes one a creditor") (emphasis added).

5         Defendant contends that the above-mentioned sentence in the collection letter

6  drafted by Accounts Receivable Management, Inc. erroneously referenced HSBC as the creditor,

7  and that HSBC was in fact never involved in financing plaintiff's vehicle.  Instead, plaintiff's

8  vehicle was financed by Triad, which was subsequently bought up by defendant, thereby making

9  defendant plaintiff's true creditor.  The problem is that this argument essentially requests the

10  court to resolve factual ambiguities and disputes outside of the pleadings.  It may well be that

11  defendant can establish undisputed facts showing that it is a creditor exempt under the FDCPA,

12  but that type of showing would have to be made on a motion for summary judgment, not a

13  motion to dismiss.  In light of the above, the court concludes that it would be clear error to

14  dismiss the action at this junction.

15         Accordingly, the court will grant plaintiff's motion to alter or amend the

16  judgment, vacate the judgment for defendant previously entered, and deny defendant's motion to

17  dismiss.  Defendant will be required to file an answer within fourteen (14) days and move for

18  summary judgment within 120 days of the date of service of this order.  Additionally, within 28

19  days of the date of service of this order, the parties shall conduct their Rule 26(f) conference and

20  commence mutual discovery in preparation to move for and/or oppose summary judgment.  No

21  discovery plan or status report need be submitted at this time.  Upon final resolution of any

22  motion for summary judgment, or expiration of the time allowed to move for summary judgment,

23  the court may issue further orders regarding the preparation of a joint status report and schedule a

24  status conference, if appropriate.

25  \\\\\

26  \\\\\

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to alter or amend the judgment (dkt. no. 34) is granted.

2.  The previous order and judgment in favor of defendant (dkt. nos. 32 and 33) are vacated, and defendant's motion to dismiss (dkt. no. 21) is denied.

3.  Defendant shall file an answer within fourteen (14) days and shall move for summary judgment within 120 days of the date of service of this order.

4.  No later than 28 days after the date of service of this order, the parties shall conduct their Rule 26(f) conference and commence mutual discovery in preparation to move for and/or oppose summary judgment.

5.  No written discovery plan or status report need be filed at this time.  Upon final resolution of any motion for summary judgment, or expiration of the time allowed to move for summary judgment, the court may issue further orders regarding the preparation of a joint status report and schedule a status conference, if appropriate.

DATED: February 7, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Meyer.2786.59e.vac.wpd