IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENA MEYER,

    Plaintiff,                                CIV. NO. S-10-2786 GGH PS

    vs.

SANTANDER CONSUMER USA,

    Defendant.                            <u>ORDER</u>

_____/

        This is a federal question action brought by plaintiff Lorena Meyer, proceeding pro se and in forma pauperis, involving a claim for violation of the federal Fair Debt Collection Practices Act. It also includes supplemental state law claims for violation of California's Rosenthal Fair Debt Collection Practices Act and invasion of privacy.[1] On February 8, 2012, the court vacated its earlier judgment in favor of defendant, denied defendant's motion to dismiss, and ordered defendant to file an answer within fourteen (14) days and move for summary judgment within 120 days. The court further ordered the parties to conduct a Rule 26(f) conference and commence mutual discovery within 28 days in preparation to move for and/or

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Dkt. Nos. 15, 26.)

1

1  oppose summary judgment.[2]  (Dkt. No. 39 at 6.)  Defendant filed an answer on February 10,
2  2012.  (Dkt. No. 40.)

3  Subsequently, on March 5, 2012, plaintiff filed "Plaintiff's First Request for
4  Production of Documents Following Rule 26(f) Meeting."  (Dkt. No. 41.)  Plaintiff states that the
5  parties conducted a Rule 26(f) conference on March 2, 2012 and that she requested defendant's
6  attorney via telephone and e-mail to provide various documents and/or information, which have
7  not been provided.  Plaintiff requests the court to order defendant to "provide her with the
8  discovery materials she needs to prepare for any motions Santander files or Plaintiff files."  (Dkt.
9  No. 41 at 5.)

10  To the extent plaintiff's above-mentioned filing can be construed as a discovery
11  request, plaintiff is informed that court permission is not necessary for such requests once the
12  Rule 26(f) conference has been conducted.  Neither discovery requests served on an opposing
13  party nor that party's responses should be filed with the court until such time as a party becomes
14  dissatisfied with a response (or a party's failure to respond) and seeks relief from the court
15  pursuant to the Federal Rules of Civil Procedure.

16  Furthermore, to the extent plaintiff's above-mentioned filing can be construed as a
17  motion to compel, it is premature.  Plaintiff's discovery requests made via telephone and e-mail
18  are informal in nature, and responses to such informal requests cannot be the subject of a motion
19  to compel.  Instead, to compel discovery, plaintiff must first propound formal discovery requests
20  pursuant to the Federal Rules of Civil Procedure, including, but not limited to, Rule 30
21  (depositions by oral examination), Rule 33 (interrogatories to parties), Rule 34 (requests for
22  documents, electronically stored information, and tangible things), and Rule 36 (requests for

---

[2] The court also stated that "[n]o written discovery plan or status report need be filed at this time.  Upon final resolution of any motion for summary judgment, or expiration of the time allowed to move for summary judgment, the court may issue further orders regarding the preparation of a joint status report and schedule a status conference, if appropriate." (Dkt. No. 39 at 6.)

2

admission). Plaintiff should consult these rules regarding the contents of and procedures involving such formal discovery requests. Furthermore, discovery requests and notices must be served on the opposing party in accordance with Fed. R. Civ. P. 5. The most common method is to serve the opposing party's attorney via mail.

If plaintiff then becomes dissatisfied with a discovery response, or if the opposing party fails to respond to a formal discovery request within the applicable time period outlined in the Federal Rules of Civil Procedure, plaintiff may file a motion to compel with the court. The requirements for filing and noticing a discovery motion are outlined in E.D. Cal. L.R. 251.

Finally, the court notes that no deadline has yet been set for the parties' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Accordingly, the court will order the parties to exchange initial disclosures no later than March 30, 2012.

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for production of documents and/or motion to compel (dkt. no. 41) is denied as premature.

2. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged no later than March 30, 2012.

DATED: March 8, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Meyer.2786.mtc.wpd