IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENA MEYER,

    Plaintiff,                               CIV. NO. S-10-2786 GGH PS

    vs.

SANTANDER CONSUMER USA,

    Defendant.                             <u>ORDER</u>

_____/

        This is a federal question action brought by plaintiff Lorena Meyer, proceeding pro se and in forma pauperis, involving a claim for violation of the federal Fair Debt Collection Practices Act. It also includes supplemental state law claims for violation of California's Rosenthal Fair Debt Collection Practices Act and invasion of privacy.[1] Defendant Santander Consumer USA filed an answer on February 10, 2012. (Dkt. No. 40.)

        On March 27, 2012, plaintiff filed a motion for appointment of counsel and a "request to be held to less stringent standards." (Dkt. No. 46.) Plaintiff defectively noticed the

\\\\\

\\\\\

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Dkt. Nos. 15, 26.)

1

motion for hearing on April 12, 2012.[1] Nevertheless, after reviewing the papers in support of the motion, the court finds that further briefing or oral argument would not be of material assistance in resolving the motion. Therefore, the court will vacate the April 12, 2012 hearing and decide the motion on the papers submitted.

The U.S. Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25-27 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id.

This is not the first time that plaintiff requested the appointment of counsel. On December 14, 2010, plaintiff filed a motion to appoint counsel. (Dkt. No. 5.) Subsequently, on March 17, 2011, the court denied that motion. (Dkt. No. 7.) The court summarized the above principles and noted that, on the record before it, the court could not find a likelihood of success on the merits. (Id.) Plaintiff's instant motion is thus essentially a motion for reconsideration of the court's prior order denying the request for appointment of counsel.

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances

---

[1] As plaintiff was previously advised (see dkt. no. 45), non-discovery motions must be filed and noticed in accordance with E.D. Cal. L.R. 230, i.e. the motion must be set for hearing not less than 28 days after service and filing of the motion. See E.D. Cal. L.R. 230(b). The instant motion was filed on March 27, 2012 and noticed for hearing on April 12, 2012. Thus, with a mere 16 days between the filing/notice date and the hearing date, notice of the motion was plainly insufficient.

were not shown at the time of the prior motion." E.D. Cal. L.R. 230 (j); see <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, evidence, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); <u>see</u> <u>also</u> <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, plaintiff has failed to provide any new facts or circumstances warranting reconsideration of the court's earlier decision. Plaintiff devotes considerable discussion to her receiving notice of a separate pending class action against defendant Santander raising some similar and some different claims from those presented in this case. However, the existence of the class action does not necessarily militate in favor of appointing counsel in this action. The court remains unable to find, based on the record presently before it, a likelihood of success on the merits. Moreover, the court finds that the legal issues raised are not so complex so as to render a pro se plaintiff unable to present her claims. Indeed, debt collection cases are routinely prosecuted by pro se plaintiffs in this district. While the court appreciates that it may at times be challenging for plaintiff to navigate the procedural and substantive law involved in her case, and that the assistance of an attorney may be helpful, the requisite exceptional circumstances for appointment of counsel are not present here. Therefore, plaintiff's motion will be denied.

Finally, plaintiff also requests to be "held to less stringent standards," indicating that she remains confused about the procedures required for filing and noticing motions. Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of procedure, including the Federal Rules of Civil Procedure and the court's Local Rules. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995). Failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110; <u>see also</u> E.D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

\\\\\

1    In light of plaintiff's pro se status, the court previously referred plaintiff to the
2 applicable local rules outlining the procedure for how motions should be filed and noticed. (See
3 Dkt. No. 45.) The court also provided plaintiff with some basic instruction regarding discovery
4 procedure and the filing of discovery motions. (See Dkt. No. 44.) As such, plaintiff will be
5 expected to comply with these procedural rules. Unless a motion is purely administrative, such
6 as a request for an extension of time, any motion must be properly filed and noticed for hearing
7 pursuant to E.D. Cal. L.R. 230 (for non-discovery motions) and E.D. Cal. L.R. 251 (for discovery
8 motions). Improperly noticed motions will be stricken.

9    The court also observes that plaintiff filed the instant motion for a "tentative"
10 hearing date of April 12, 2012. Plaintiff explained that she had no reliable way to travel, but that
11 she thought she could get a ride to court on April 12, 2012. Plaintiff is advised that the Local
12 Rules do not permit a party to notice tentative hearing dates. While the court appreciates that
13 plaintiff may have some transportation issues, hearings are required to be noticed weeks in
14 advance, thereby allowing for travel planning. Thus, if plaintiff notices a motion for hearing,
15 plaintiff will be expected to appear for the hearing or face potential sanctions.[2]

16 CONCLUSION

17    For the reasons discussed above, IT IS HEREBY ORDERED that:

18    1. The April 12, 2012 hearing on plaintiff's motion for appointment of counsel
19 (dkt. no. 46) is VACATED.

20    2. Plaintiff's motion for appointment of counsel (dkt. no. 46) is DENIED.

21 DATED: April 10, 2012

22                    /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE
23 GGH/wvr
   Meyer.2786.counsel.wpd

---

[2] Of course, plaintiff may request in her moving papers that the motion be decided without oral argument. However, until the court grants such a request, plaintiff must be prepared to appear at the noticed hearing.

4