IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENA MEYER,

    Plaintiff,          No. 2:10-cv-2786 GGH PS

  vs.

SANTANDER CONSUMER USA,

    Defendant.          <u>ORDER</u>

_____/

    This is a federal question action brought by plaintiff Lorena Meyer, proceeding pro se and in forma pauperis, involving a claim for violation of the federal Fair Debt Collection Practices Act. It also includes supplemental state law claims for violation of California's Rosenthal Fair Debt Collection Practices Act and invasion of privacy.[1]

/////

/////

/////

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Dkt. Nos. 15, 26.)

1

On June 6, 2012, defendant Santander filed a motion for partial summary judgment, or in the alternative, for summary adjudication of claims noticed for hearing on July 19, 2012. (Dkt. No. 51.) On June 12, 2012, plaintiff filed an opposition, and on July 6, 2012, defendant filed a reply brief. (Dkt. Nos. 57, 58.) On the court's own motion, hearing on defendant's motion was then reset for July 26, 2012. (Dkt. No. 59.) After reviewing the papers in support of and in opposition to the motion, the court finds that oral argument would not be of material assistance in deciding the motion. Therefore, the July 26, 2012, hearing will be vacated.

However, the court notes some discrepancies in dates between defendant's memorandum, the statement of undisputed facts, and the declaration of Wayne Nightengale in support of the motion, in particular, regarding the dates on which Santander purportedly purchased the Triad and/or HSBC assets (including plaintiff's particular loan) and the date on which the documents associated with plaintiff's loan were purportedly transferred to Santander. The dollar amounts of the assets purportedly purchased also conflict, and the evidence citations in the documents do not always match up. (Compare Dkt. No. 51 at 9:8-18, 10:19-22 with Dkt. No. 52, Fact Nos. 7-11 and with Dkt. No. 54, ¶¶ 3-6.) These discrepancies may well be attributable to typing errors or careless drafting; regardless, the court cannot expend limited judicial resources to reconcile such apparent inconsistencies.

Accordingly, defendant will be required to serve and file a supplemental declaration(s) by a competent person(s) that clarifies and explains these purported facts within fourteen (14) days of this order, attaching any appropriate documentary evidence. Additionally, plaintiff will be permitted to file a supplemental opposition, if she deems it necessary, within fourteen (14) days after service with defendant's supplemental declaration(s), after which the motion will be submitted on the record without oral argument, with a written order to follow.

/////
/////
/////

1 | CONCLUSION

2 | For the reasons discussed above, IT IS HEREBY ORDERED that:

3 | 1. The July 26, 2012 hearing on defendant's motion (dkt. no. 51) is VACATED.

4 | 2. Defendant shall serve and file a supplemental declaration(s) in accordance

5 | with this order within fourteen (14) days. Plaintiff shall serve and file any supplemental

6 | opposition within fourteen (14) days afer service with defendant's supplemental declaration(s),

7 | after which the motion shall be submitted on the record without oral argument, with a written

8 | order to follow.

9 | DATED: July 13, 2012

11 |    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

13 | GGH/wvr
Meyer.2786..msj.vac.wpd