IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENA MEYER,

    Plaintiff,                                  No. 2:10-cv-2786 GGH PS

    vs.

SANTANDER CONSUMER USA,

    Defendant.                               ORDER

_____/

        This is a federal question action originally filed on October 14, 2010 by plaintiff Lorena Meyer, proceeding pro se and in forma pauperis, involving a claim for violation of the federal Fair Debt Collection Practices Act ("FDCPA"). It also includes supplemental state law claims for violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and invasion of privacy.[1] (See Dkt. No. 9.)

        On August 15, 2012, the court granted defendant Santander Consumer USA's motion for partial summary judgment. (Dkt. Nos. 66.) The court dismissed plaintiff's FDCPA

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1), and the case was referred to the undersigned for all further proceedings and entry of final judgment. (Dkt. Nos. 15, 26, 27.)

1

claim with prejudice and then declined to exercise supplemental jurisdiction over the remaining state law claims, which were dismissed without prejudice. (Id.) Consequently, the court entered judgment in favor of defendant Santander. (Dkt. No. 67.)

Subsequently, on August 21, 2012, plaintiff filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Dkt. No. 68.) Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, evidence, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and in "highly

unusual circumstances." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A party may not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

In short, in its previous order granting partial summary judgment, the court found that Santander had produced substantial evidence that Santander purchased the assets and operations of plaintiff's former creditor Triad; that Santander was a creditor collecting its own debt when it repossessed plaintiff's vehicle and contacted her regarding the outstanding balance on her loan; and that Santander was therefore exempt from the FDCPA.[2] Plaintiff's instant motion does not present a change in law, newly-discovered facts or evidence, or an unusual change in circumstances. Instead, plaintiff merely repeats arguments previously made in her opposition to defendant's motion for partial summary judgment: (1) plaintiff again questions the veracity of the declaration submitted by Santander's Senior Vice President of Servicing attesting to Santander's purchase of Triad, insisting that the actual paper documentation of the sale should have been provided; (2) plaintiff reiterates her argument that she never gave Triad permission to assign or sell her loan; and (3) plaintiff again refers the court to a class action that was filed against Santander in Alameda County Superior Court involving various claims under California law. All of these ultimately unpersuasive contentions were addressed extensively in the court's prior order and remain insufficient to defeat a grant of partial summary judgment in favor of Santander on plaintiff's FDCPA claim. Accordingly, plaintiff's FDCPA claim was properly dismissed with prejudice, and the court appropriately declined to exercise supplemental jurisdiction over the remaining state law claims.

In the instant motion, plaintiff again requests leave to amend her complaint to allege additional violations by Santander that plaintiff purportedly discovered when reviewing the case files for the Alameda County class action. However, even assuming for the moment that

---

[2] The court will not here repeat the substance of its August 15, 2012 order and refers the parties to that order for details as to the court's earlier findings and holdings. (Dkt. No. 66.)

3

the court were inclined to provide plaintiff with a third opportunity to amend her complaint, the proposed amendment would be futile, because all the claims in the Alameda County class action arise under California law and do not raise a federal claim which could serve as the basis for federal subject matter jurisdiction. (See Notice of Proposed Class Action Settlement, Dkt. No. 68 at 5-6.)

It should be emphasized that this court's previous order was narrow in scope – it merely held that plaintiff did not have a viable FDCPA claim against Santander. In declining to exercise supplemental jurisdiction over the remaining state law claims, the court specifically noted that it expressed no opinion regarding the merits of the state law claims. It may well be, as plaintiff suggests, that Santander committed all sorts of other violations of California law such as the Rees-Levering Motor Vehicle Sales and Finance Act (a claim not currently asserted in the operative complaint). However, such potential claims would have to be pursued in state court.

In sum, plaintiff has failed to show clear error in the court's prior order. Plaintiff's arguments were previously carefully considered by the court, and do not provide a basis for amending the judgment. "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Canas, 92 F.R.D. at 390 (internal citation omitted). Because plaintiff "has brought up nothing new – except [her] displeasure – this Court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal – not reargument." Id.[3]

---

[3] Construing plaintiff's motion as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) does not change the result. Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment...for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." None of these reasons are applicable here.

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that plaintiff's motion to alter or amend the judgment (dkt. no. 68) is DENIED.

DATED: August 24, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Meyer.2786.recon2.wpd